IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

  v.                                                                          OPINION and ORDER

KEVIN A. CARR,                                                   19-cv-776-jdp
  Secretary of the Wisconsin Department of Corrections,

                Defendant.

---

      Pro se plaintiff and prisoner Dante Voss has filed a complaint in which he challenges the constitutionality of DAI Policy #309.15.01, which, according to Voss, governs the materials that are available in Wisconsin prison law libraries. Voss says that the policy is preventing him from obtaining publications he needs to challenge his conviction, in violation of his right to access the courts. He is suing Kevin Carr, Secretary of the Wisconsin Department of Corrections, for monetary and injunctive relief.

      The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Because I conclude that the complaint fails to state a claim upon which relief may be granted, I will dismiss the case.

ANALYSIS

      Voss includes only one "claim for relief" in his complaint, but that claim has two parts. First, he says that DAI Policy #309.15.01 *bans* the DSM-5, which is the fifth and latest edition of the Diagnostic and Statistical Manual of Mental Disorders, "one of the basic texts used by psychiatrists and other experts." *Hall v. Florida*, 572 U.S. 701, 704 (2014). Second, he says that the policy doesn't *require* libraries to carry "a current Physician's Desk Reference, current

literature and assessment tools on psychopathy, and literature and treatises on the toxicology of Wellbutrin and its effects on the CYP2D6 enzyme." Dkt. 5, ¶ 25. He also alleges that "Defendant" has refused to provide these materials upon request. *Id.*, ¶ 19.[1]

Voss says that he needs these publications for a motion for postconviction relief that he wishes to file in state court on a conviction for unspecified crimes. Although Voss doesn't clearly explain how he intends to use the publications, I understand his reasoning to go something like this: (1) when sentencing Voss, the state court relied on Voss's psychopathy diagnosis from 2003; (2) a prison psychiatrist told Voss that taking Wellbutrin, Vicodin, and Klonopin could lead to "involuntary intoxication" and that a 2003 psychopathy diagnosis might be outdated because diagnostic criteria have changed since then; (3) Voss was taking all of the above medications when he committed his crimes; (4) the publications he is requesting may show that his psychopathy diagnosis is outdated and that the medications he was taking affected his ability to control his conduct at the time he committed his crimes; (5) if he could show these things, it would mean that he was denied his constitutional right to be sentenced based on accurate information; and (6) without the publications, he can't allege the facts he needs to obtain an evidentiary hearing on his postconviction motion.

To succeed on an access-to-courts claim, a plaintiff must show that he was, or is, suffering an "actual injury" by being "frustrated" or "impeded" in bringing a non-frivolous claim about his criminal conviction, sentence, or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 353–55 (1996). In this case, Voss's allegations implicate two kinds of access-to-courts

---

[1] Voss doesn't explain how Carr was personally involved in denying any requests for the publications. Because Voss's claim fails for other reasons, I need not consider whether he sued the correct defendant.

claims. His allegation that officials are refusing to *provide* certain publications implicates the right to receive assistance in bringing claims. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."). His allegation that officials are *banning* the DSM-5 implicates the right to be free from interference with court access. *See Procunier v. Martinez,* 416 U.S. 396, 419 (1974) ("Regulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."). However, Voss doesn't say that he wants to purchase the DSM-5 himself, so I will construe Voss's complaint as raising one claim that Carr is violating his rights by refusing to provide the requested publications.[2]

There are multiple problems with Voss's claim. First, it is not clear whether Voss has suffered an actual injury. Voss doesn't allege that the state court has denied his postconviction motion or his request for an evidentiary hearing. In fact, Voss doesn't allege that he has even *filed* a motion in the state court or that he has asked the state court for assistance in filing his motion. It is true that plaintiff may bring an access-to-courts claim if "official action is presently denying an opportunity to litigate." *Christopher v. Harbury*, 536 U.S. 403, 412 413 (2002). But no one is preventing Voss from seeking relief with the state court. Although Voss says that he needs the requested publications to obtain an evidentiary hearing, he doesn't explain why that is so and he doesn't explain why he hasn't sought relief from the state court. Until he does, I

---

[2] Because Voss isn't asking for permission to purchase the DSM-5, he doesn't say that he wants the manual for any reason other than assisting with his postconviction motion, and he is only raising an access-to-courts claim, I do not consider whether his allegation that Carr has banned the DSM-5 states a claim under the First Amendment right to free speech.

cannot say that any conduct by prison officials has denied Voss an opportunity to litigate. *See Johnson v. Barczak,* 338 F.3d 771, 772 (7th Cir. 2003) (no actual injury when plaintiff obtained relief from state court).

Second, "the right of access to the federal courts is not absolute; rather, an individual is only entitled to meaningful access to the courts." *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). In providing that meaningful access, state officials may provide law libraries that allow the prisoner to help himself *or* they may appoint someone who is "trained in the law" to assist the prisoner. *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995). In this case, Voss was provided counsel by the state. *See State v. Dillon*, 2012 WI App 118, ¶¶ 28–29, 344 Wis. 2d 519, 822 N.W.2d 736 (nonprecedential opinion) ("In Wisconsin, an indigent defendant is afforded postconviction counsel through the Office of the State Public Defender."). "The right of access is satisfied if, in lieu of a law library, adequate assistance of counsel is provided." *Johnson by Johnson v. Brelje*, 701 F.2d 1201, 1208 (7th Cir. 1983).

Voss says that his counsel withdrew from the case, but he also says that the state court "allowed" him to proceed pro se, which suggests that he waived his right to counsel. *See State v. Thornton,* 2002 WI App 294, ¶ 14, 259 Wis. 2d 157, 169, 656 N.W.2d 45, 51 (before allowing postconviction counsel to withdraw, the court must determine whether defendant is waiving his right to counsel). By declining the assistance of counsel, Voss forfeited his right to raise an access-to-courts claim. *See United States v. Byrd,* 208 F.3d 592, 593 (7th Cir. 2000) ("When a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access to a law library.").[3]

---

[3] Voss says that "Defendant" later refused his request for a lawyer, Dkt. 5, ¶ 26, but that isn't how appointment of counsel works in state postconviction proceedings. *See Dillon,* 2012 WI

Third, I cannot tell from the allegations in Voss's complaint whether the underlying claim Voss wants to bring in state court isn't frivolous. *See Christopher,* 536 U.S. at 416 ("[T]he predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Voss's underlying claim is that he was denied the right to be sentenced on accurate information. But a criminal defendant in Wisconsin forfeits a challenge to his sentence based on inaccurate information if he does not object at the time that the alleged inaccurate information is presented. *See State v. Benson,* 2012 WI App 101, ¶ 17, 344 Wis. 2d 126, 136, 822 N.W.2d 484, 488. Voss doesn't explain why his claim isn't forfeited.

Also, inaccurate information implicates the Due Process Clause only when the sentencing court relies on it to impose a harsher sentence. *See United States v. Huwaldt*, 989 F.2d 502 (7th Cir. 1993). Voss doesn't explain how the medications he was taking could undermine the sentencing court's reasoning. He does say that his sentence was "based, in part, on a diagnosis of psychopathy," Dkt. 5, ¶ 9, but he doesn't identify what the court said about that diagnosis or otherwise explain how the diagnosis affected his sentence.

Voss also doesn't explain how the publications he's seeking would make any difference to his claim. For example, even if Voss is correct that the criteria for diagnosing psychopathy has changed since 2003, the DSM-5 wouldn't permit a lay person such as Voss to diagnose himself under the new criteria. In short, Voss hasn't shown that he has "more than hope" to support his claim. *See Christopher*, 536 U.S. at 416. That's not enough.

---

App 118, at ¶¶ 28–29. Voss doesn't allege that the state court ever denied a request for counsel.

Fourth, courts generally have concluded that prison libraries are adequate so long as they have sufficient *legal* resources in them, such as statutes and case law. *See, e.g.*, *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 & n.1 (9th Cir. 1985) (library including state and federal case law, federal rules, and civil procedure treatises was adequate); *Wattson v. Olsen*, 660 F.2d 358, 359 n.2 (8th Cir. 1981) (library that included statutes, case law, a legal dictionary, and a legal encyclopedia was adequate). I am not aware of any authority that would require prisons to provide medical treatises.

For all of these reasons, I conclude that Voss hasn't stated a claim upon which relief may be granted. And because I do not believe that Voss can cure the defects in his complaint, I decline to give him leave to replead. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need not allow the filing of an amended complaint . . . if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss.").

ORDER

IT IS ORDERED that:

1. This case is DISMISSED for Dante Voss's failure to state a claim upon which relief may be granted.

2. In accordance with 28 U.S.C. § 1915(g), the clerk of court is directed to record a "strike." *See Turley v. Gaetz*, 625 F.3d 1005, 1008–09 (7th Cir. 2010).

3. The clerk of court is directed to enter judgment in favor of defendant Kevin Carr and close the case.

Entered October 31, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge