IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANTE R. VOSS,

                Plaintiff,

  v.

KEVIN A. CARR,
  Secretary of the Wisconsin Department of Corrections,

                Defendant.

OPINION and ORDER

19-cv-776-jdp

---

      Pro se plaintiff and prisoner Dante Voss moves for reconsideration of the order dismissing his complaint with prejudice. Dkt. 11 and Dkt. 13. Voss's claim was that defendant Kevin Carr is violating his right to have access to the courts by refusing to provide him copies of various medical publications, which Voss says he needs to challenge his criminal convictions in state court. I dismissed Voss's complaint for multiple reasons: (1) he didn't explain why the publications were necessary or even useful for obtaining relief in state court; (2) his allegations suggested that he had a lawyer appointed by the state, but he chose to proceed pro se instead; (3) he didn't provide enough information in his complaint to allow a determination whether the claims he wished to raise in state court were frivolous; and (4) I was aware of no authority requiring prison officials to provide medical reference books to prisoners.

      Voss challenges each of these conclusions in his 38-page motion for reconsideration. Because I am still not persuaded that Voss has a right to the publications he is requesting, I will deny his motion.

ANALYSIS

Voss didn't explain in his complaint what convictions he was challenging, but he identifies four convictions in his motion, including one for physical abuse of a child. He says that his criminal case is on appeal and he is seeking permission from the Wisconsin Court of Appeals to continue extending his deadline to file a postconviction motion in the circuit court. He identifies several claims that he wants to raise in state court, including: (1) ineffective assistance of trial counsel for failing to obtain an independent psychological evaluation; (2) a request for resentencing based on new evidence that Voss's prescriptions for Wellbutrin and hydrocodone may support an involuntary intoxication defense; and (3) a request for resentencing based on the trial court's decision to give him a longer sentence because of an outdated diagnosis of psychopathy.[1] His claim in this court is that he needs medical publications to support the above claims in state court, so the prison's refusal to provide those publications is a denial of his right to have access to the courts.

I will assume for the purpose of this opinion that Voss's state-court claims aren't frivolous and aren't otherwise barred by procedural default. But I will adhere to my decision to dismiss this case for the following three reasons.

First, Voss doesn't have a right to force the state to purchase books for him after he fired the public defender appointed for his appeal. The law on this issue is clear: "When a person is offered appointed counsel but chooses instead to represent himself, he does not have a right to access to a law library." *United States v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000). Voss says that he fired his lawyer because the lawyer wouldn't raise the issues that Voss wanted

---

[1] Voss identifies other claims he wants to raise in state court, but they do not appear to be connected to his request for medical publications, so I need not consider them.

him to raise. But it is not unusual for a defendant and his counsel to disagree about which issues to raise on appeal. And one of the benefits of counsel is to help determine the most effective litigation strategy. Voss cites no authority that undermines the bright-line rule in *Byrd* or that recognizes an exception to the rule when a defendant disagrees with counsel's strategy.

Second, Voss hasn't cited any authority to support the view that the right to have access to the courts requires the state to stock their libraries with medical publications. Rather, as I noted in the screening order, courts have held that prison libraries are adequate if they have sufficient *legal* resources in them. *See, e.g., Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 & n.1 (9th Cir. 1985); *Wattson v. Olsen*, 660 F.2d 358, 359 n.2 (8th Cir. 1981).

It would be both burdensome and administratively unworkable to require prisons to purchase medical publications to assist prisoners with litigation. Prison officials have no way of knowing in advance what medical information might be relevant to a prisoner's claim. And prisoners themselves would not know what publications would be useful before reviewing them. This is demonstrated by Voss's claim in this case. Although his complaint focused on the *DSM-5* and the *Physician's Desk Reference*, he makes it clear in his motion for reconsideration that his request is much broader and includes the *Pill Book*, "the current Hare Psychopathy Checklist and associated literature," and "medical treatises on Wellbutrin and its effects on the CYP2D6 enzyme." Dkt. 13, at 12, 30. Voss doesn't explain how the prison would determine what "associated literature" and "which medical treatises" they should purchase for him.

Third, Voss still hasn't persuasively explained how the publications he is requesting would help him. He says that he wants to show that he is not a psychopath and that his prescriptions caused him to engage in criminal activity. And he says that he needs the medical publications to satisfy the standard for obtaining an evidentiary hearing, which requires him

3

to allege facts that, if proven, would entitle him to relief. *See State v. Bentley*, 201 Wis. 2d 303, 309, 548 N.W.2d 50 (1996).

Even with the assistance of medical literature, Voss isn't qualified to diagnose himself or determine how his medications influenced his behavior. So the usefulness of that literature would be limited without an expert. And Voss cites much other information in support of his view that he isn't a psychopath and that he was involuntarily intoxicated when he committed his crimes:

- his most recent diagnosis excluded psychopathy;

- a prison psychologist advised him that his 2003 psychopathy diagnosis is outdated in light of new diagnostic criteria in the *DSM-5*;

- a prison psychologist advised him that "psychopathy would never be diagnosed because [he] had a diagnosis of Bipolar Disorder," Dkt. 14, ¶ 39;

- prison doctors have advised him that Wellbutrin should not be prescribed for bipolar disorder and that Wellbutrin "would account for his conduct prior to and at the time of his crimes," Dkt. 13, at 28;

- his prison psychiatrist advised him that Wellbutrin and hydrocodone could cause involuntary intoxication;

- a toxicologist in one of his other criminal cases testified that he was involuntarily intoxicated as a result of the same drugs;

- witnesses could testify that his behavior became "erratic" after he began taking Wellbutrin and hydrocodone.

Voss says that the above information is insufficient because it is "conclusory," but no court has told Voss that. And Voss doesn't explain how medical publications—which will not contain any information about *his* mental status—would be more helpful than allegations about his own diagnoses, statements from his health care providers, and statements by observers of Voss's conduct. Even if it is possible that something in one or more of the requested

4

publications could provide additional support for his allegations, Voss doesn't have the right to obtain any publication that might be relevant to a claim: "a prisoner's right of access to the courts does not guarantee the *effective* presentation of his civil claims." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007) (emphasis in original). Voss's allegation that he needs medical publications to obtain an evidentiary hearing "doesn't rise above the level of speculation," *Karma Int'l, LLC v. Indianapolis Motor Speedway, LLC*, 938 F.3d 921, 926 (7th Cir. 2019), so it doesn't state a claim.

The bottom line is that the additional allegations in Voss's motion for reconsideration don't support a claim that he is being denied access to the courts. For the reasons discussed above, I will deny Voss's motion.

ORDER

IT IS ORDERED that Dante Voss's motion for reconsideration, Dkt. 13, is DENIED.

Entered January 7, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge